Alfred J. Fleischer v. Commissioner. Minnie R. Fleischer v. Commissioner.
Fleischer v. Commissioner
Docket Nos. 6574, 6575.
United States Tax Court
1945 Tax Ct. Memo LEXIS 6; 4 T.C.M. (CCH) 1142; T.C.M. (RIA) 45380; December 27, 1945
*6 In 1941 a corporation whose stockholders consisted of petitioners and one other, paid certain salaries to themselves, as authorized by the board of directors composed of the three stockholders. Petitioners reported as income the salaries so received. In auditing the corporation's return the Commissioner disallowed portions thereof as excessive. His action, with other adjustments, resulted in additional tax, the payment of which caused a deficit in the corporate balance sheet as of December 31, 1941. Petitioners thereupon repaid to the corporation the amount of the deficit in proportion to the amounts of their salaries disallowed. Such repayments were less than the entire disallowances. Held, that petitioners are taxable on entire amounts received as salaries in 1941. North American Oil Consolidated v. Burnet, 286 U.S. 417. J. C. Thompson, C.P.A., 608 Security Bldg., St. Louis, Mo., for the petitioners. Harlow B. King, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined deficiencies of $30.03 and $9.84 in the income taxes of the petitioners, Alfred J. Fleischer and Minnie R. Fleischer, respectively, for the year 1941. Petitioners also claimed overpayments of $265.68 and $526.78, respectively, of their income taxes for that year. The single issue is whether the petitioners are taxable on the total payments received by them as their salaries for the taxable year from the Fleischer-Seeger Construction Company, or on only such portions thereof as were not returned by the petitioners to the company. Other issues were abandoned by the petitioners. Findings of Fact The facts were stipulated. Those material to the issue are as follows: *8 The petitioners are residents of St. Louis, Missouri, and filed their tax returns for the year 1941 with the collector of internal revenue for the first district of Missouri at St. Louis, Missouri. Alfred J. Fleischer is the son of Morris I. Fleischer and Minnie R. Fleischer. The Fleischer-Seeger Construction Company, hereinafter called the company, was originally incorporated under the laws of the State of Missouri on December 16, 1927, under the name of "D. Seeger and Sons, Inc.", with D. Seeger president and treasurer, and W. D. Seeger vicepresident and secretary. It is engaged in the construction business, specializing in laying bricks for chemical tanks, blast furnaces and boilers. During the year 1934, Morris I. Fleischer became associated with the company as its vice-president. In 1937 the name of the company was changed to "Fleischer-Seeger Construction Company" and Alfred J. Fleischer was elected its president and Minnie R. Fleischer vice-president. In 1939 Morris I. Fleischer was elected president and treasurer, Alfred J. Fleischer secretary, and Minnie R. Fleischer vice-president. No change has since been made as to these officers. Each officer rendered personal services *9 to the business affairs of the company during the taxable year. The company was originally organized with 150 shares of capital stock of a par value of $100 per share. During the year 1941 the stock was owned and held entirely by the Fleischer family as follows: Morris I. Fleischer
138 shares
Minnie R. Fleischer
2 shares
Alfred J. Fleischer
10 shares
Total
150 shares
During the year 1941 the company paid salaries to its officers for personal services rendered to the company by each officer during that year as follows: Morris I. Fleischer
$24,750
Minnie R. Fleischer
9,375
Alfred J. Fleischer
12,575
Total
$46,500 These salaries were authorized by action of the board of directors of the company. The board of directors consisted of Morris I. Fleischer, Minnie R. Fleischer and Alfred J. Fleischer. The respective amounts were reported as income on the original tax return filed by each of the recipients and the total amount of $46,500 was claimed as a deduction on the tax return filed by the company for the year 1941. The corporate return was subsequently audited by the Treasury Department and a portion of the salaries paid was disallowed, *10 as being excessive compensation for services rendered, as follows: Morris I.
Minnie R.
Alfred J.
Fleischer
Fleischer
Fleischer
Total
Salary paid
$24,750
$9,375
$12,375
$46,500
Salary allowed
20,000
1,200
8,800
30,000
Salary disallowed
$ 4,750
$8,175
$ 3,575
$16,500
The portion of such salaries which was disallowed as a deduction to the company was added to and increased the company's taxable income in the amount of $16,500. Other minor adjustments, not involved herein, were also made by the examining revenue agent all of which resulted in an increase of the company's tax liability in the amount of $6,838.52. This deficiency was paid by the company on October 16, 1943. On or about August 23, 1943, on the advice of legal counsel, each officer made payments to the company as follows: Morris I. Fleischer
$1,395.08
Minnie R. Fleischer
2,400.00
Alfred J. Fleischer
1,049.99
Total
$4,845.07 The total of such payments equals the amount of the deficit as appears on the balance sheet of December 31, 1941, prorated to each officer in proportion to the amount of salary disallowed. On September 21, 1943, each petitioner *11 filed an amended return in which each reported as salary received the adjusted amount allowed as a deduction to the company. A part of the amount disallowed as salaries was reported in each amended return filed by the respective petitioners as dividends received. The balance was considered as the return of capital and was not reported as income. The following table reflects this computation: Morris I.
Minnie R.
Alfred J.
Fleischer
Fleischer
Fleischer
Total
Salary paid
$24,750.00
$9,375.00
$12,375.00
$46,500.00
Salary allowed
20,000.00
1,200.00
8,800.00
30,000.00
Salary disallowed
$ 4,750.00
$8,175.00
$ 3,575.00
$16,500.00
Considered as capital
(1,395.08)
(2,400.00)
(1,049.99)
(4,845.07)
Considered as dividends
$ 3,354.92
$5,775.00
$ 2,525.01
$11,654.93 The amounts considered as a return of capital represent the amount of the deficit as appears on the same balance sheet prorated to each of the taxpayers in proportion to the amount of salary disallowed. No dividends were declared or paid by the company during the taxable year. However, a part of the amount disallowed as salaries was considered and reported as dividends received *12 in the amended returns filed by the respective petitioners in 1943, after they had made payments to the company, as above set forth. On September 21, 1943, each petitioner filed his respective claim for refund of taxes paid for the year 1941. The claim of Alfred J. Fleischer for refund in the amount of $265.68 was founded on the allegation that $1,049.99 of the salary paid to him by the company for the year 1941 represented a return of capital and, therefore, was not income. Likewise, the claim of Minnie R. Fleischer for refund in the amount of $526.78 was founded on the allegation that $2,400 of the salary paid to her by the company for the year 1941 represented a return of capital and, therefore, was not income. Under date of September 1, 1944, the Commissioner informed each petitioner that his respective claim for refund had been rejected on the ground that the entire amount which each had received from the company in 1941 was received as salary and represented income under the provisions of Section 22 (a) of the Internal Revenue Code. In his notice of deficiency the Commissioner denied the petitioners' claim that the portions of the salaries paid to *13 them ($1,049.99 as to Alfred J. Fleischer and $2,400 to Minnie R. Fleischer) were a return of capital and held that the entire amounts received by the petitioners as salary from the company represented taxable income under the provisions of Section 22 (a) of the Internal Revenue Code. Opinion VAN FOSSAN, Judge: The company paid to the petitioners salaries found to be excessive by the Commissioner and disallowed by him in the company's return in the amounts of $8,175 as to Minnie R. Fleischer and $3,575 as to Alfred J. Fleischer. These disallowances, together with other adjustments made by the revenue agent, resulted in an increase of $6,838.52 in the company's tax. The payment of this tax produced a deficit of $4,845.07 in the company's balance sheet as of December 31, 1941. Upon the advice of counsel, the petitioners, Minnie R. Fleischer and Alfred J. Fleischer, repaid to the company $2,400 and $1,049.99, respectively, to wipe out that deficit. The other officer and stockholder, Morris I. Fleischer, also paid his proportionate share of the deficit but he is not a petitioner before this Court. The amounts disallowed as salaries, in excess of the amounts repaid *14 by the petitioners to eliminate the company's deficit, were retained by them and designated in their amended returns as "dividends received." The repayments made to the company were in approximately the same ratio as the amounts of the disallowed salaries. The amounts originally paid to the petitioners were 20.16 per cent as to Minnie R. Fleischer and 26.16 per cent as to Alfred J. Fleischer of the total salaries paid. Minnie R.Fleischer held 1 1/3 per cent of the company's stock and Alfred J. Fleischer 6 2/3 per cent thereof. The petitioners contend that the amounts repaid to the company ($2,400 by Minnie R. Fleischer and $1,049.99 by Alfred J. Fleischer) were not subject to income tax. They argue that under the doctrine of constructive trusts, they were liable for the restoration of the company's impaired capital and that because such sums represented a return of capital they derived no taxable economic gain therefrom. The respondent's position is that the petitioners received their salary payments under a claim of right and with no restrictions on their use and disposition. He argues further that the portion of such sums disallowed as excessive salary payments do not correspond *15 or bear a close relationship to the stockholders of the petitioners in the company and hence can not constitute a distribution of earnings and profits as contemplated in section 19.23(a)-7, Regulations 103. [1]
We think that the respondent must be sustained. The "claim of right" rule has been stated in North American Oil Consolidated v. Burnet, 286 U.S. 417, as follows: * * * If a taxpayer receives earnings under a claim of right *16 and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent. * * * This rule has been followed in many cases. See Barker v. Magruder, 95 Fed. (2d) 122; National City Bank of New York v. Helvering, 98 Fed. (2d) 93; Griffin v. Smith, 101 Fed. (2d) 348; Saunders v. Commissioner, 101 Fed. (2d) 407, and other similar cases. The cases cited and relied upon by the petitioners as constituting exceptions to its application involved peculiar and unique facts not present here. See Knight Newspapers, Inc. v. Commissioner, 143 Fed. (2d) 1007; Eakins v. United States, 36 Fed. (2d) 961. In these cases the doctrine of constructive trusts was invoked. In the case at bar the petitioners, Minnie R. Fleischer and Alfred J. Fleischer, were duly paid and returned as income $9,375 and $12,375, respectively, as compensation for their services as officers of the company for the year 1941. These amounts were received as salaries and *17 not as distributions of the earnings and profits of the company. They were so accepted, under no restrictions whatever as to their use and disposition. It was not until August 1943 that the petitioners voluntarily repaid part of the amounts in controversy, consequent upon the disallowance of portions of their salaries as excessive compensation. They did not challenge the Commissioner's right to declare excessive and to exclude from the company's deductions, such amounts as he deemed to be larger than a proper and adequate compensation for their services as its officers. The repayment was not made because of a mistake of facts, as held in Knight Newspapers, Inc. v. Commissioner, supra. Nor did the petitioners restrict themselves by agreement to refund to the company any amounts undetermined at the date of payment, as in the Eakins case. The facts here are strictly in accord with the principles laid down in North American Oil Consolidated v. Commissioner, supra.The entire amounts paid by the company to the petitioners as salaries are, under the facts before us, taxable to them as salaries. It is obvious that they did not bear a close relationship to the petitioners' stockholdings *18 as required in the Regulations (section 19.23(a)-7). See Griffin v. Smith, supra; Bone v. United States, 46 Fed. (2d) 1010. The petitioners further cite the Missouri statutes providing that the directors of a corporation are personally liable for the corporation's debts if they shall knowingly declare and pay any dividend when the corporation is insolvent, the payment of which would render it insolvent (such liability being limited to the amount of the dividend), and further providing that they are liable for the payment of unearned or unreasonable salaries to the extent of the unreasonableness thereof. They then argue that such statutory "liability" compelled them to repay to the company a sufficient amount to make good its deficit of $4,845.07. We do not so read the statutes. The so-called liability runs to the stockholders in proportion to their holdings of stock. The petitioners received their compensation as officers' salaries. They did not declare a dividend. Their statutory liability as directors is not pertinent to the issue. Decisions will be entered for the respondent. Footnotes
1. Sec. 19.23 (a)-7. Treatment of excessive compensation. - The income tax liability of the recipient in respect of an amount ostensibly paid to him as compensation, but not allowed to be deducted as such by the payor, will depend upon the circumstances of each case. Thus, in the case of excessive payments by corporations, if such payments correspond or bear a close relationship to stock holdings, and are found to be a distribution of earnings or profits, the excessive payments will be treated as a dividend. * * * In the absence of evidence to justify other treatment, excessive payments for salaries or other compensation for personal services will be included in gross income of the recipient and subjected to both normal tax and surtax.↩